IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN,<br><br>Plaintiffs,<br><br>v.<br><br>LANDMARK CONSTRUCTION SERVICES, INC.,<br><br>Defendant. | No. 12 C 6570<br><br>Judge Manning |

**PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorneys, state:

1. On August 17, 2012, plaintiffs filed a complaint under Section 301(a), of the Labor Management Relations Act, 29 U.S.C. § 185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3), as amended, alleging that at all material times the defendant had an obligation arising from a collective bargaining agreement to pay contributions for the period of March 2010 through the present. This Complaint was amended on August 29, 2012.

1

2. On October 16, 2012, this Court entered default for liability against Landmark Construction Services, Inc.("Landmark").

3. As established by the affidavit of the Funds' Field Representative, Michael Christopher, attached hereto as Exhibit 1, the Company provided reporting information to the Funds covering the period from May 2012 through August 2012. These reports reflected that principal contributions are owed to the Funds in the amount of $43,013.48.

4. According to the collective bargaining agreement and the respective Trust Agreements to which the Company is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions. Since principal contributions are owed to the Welfare, Pension, and Training Funds for the period from May 2012 through August 2012, late fees are owed in the amount of $8,308.42 (See, Christopher Affidavit Exh. 1 ¶3).

5. Interest is also owed based on the Agreements and Declarations of Trust and the collection bargaining agreement. Mr. Christopher has computed interest through November 28, 2012, at the rate of 12 percent with respect to amounts due during the period from May through August 2012, resulting in the amount of $1,462.12. (See, Christopher Affidavit Exh. 1 ¶ 4).

6. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The affidavit of Karen I. Engelhardt, attached hereto as Exhibit 2 establishes the amount of attorneys' fees incurred as $2,480.00 and plaintiffs' court costs and service fees as $690.00.

**WHEREFORE,** plaintiffs request entry of a judgment against Landmark in a total amount of $ 56,644.02.

Respectfully submitted,


/s/ Karen I. Engelhardt
One of plaintiffs' attorneys


ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400


November 29, 2012